UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LARRY NELSON,

        Plaintiff,

v.                               CASE No. 8:09-CV-2583-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

_____

O R D E R

      The plaintiff in this case seeks judicial review of the denial of his claim for Social Security disability benefits.[1]  Because the decision of the Commissioner of Social Security is supported by substantial evidence and contains no reversible error, the decision will be affirmed.

I.

      The plaintiff, who was sixty-one years old at the time of the administrative hearing and who has a college education (Tr. 662), has worked

_____

     [1]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 13).

as an administrative assistant, international accounts representative, telecommunications auditor, building codes inspector, and an assistant right of way specialist (Tr. 663-72). He filed a claim for Social Security disability benefits, and not for supplemental security income, as the plaintiff states he did in his memorandum (Doc. 22, pp. 1, 2, 3). The plaintiff alleged that he became disabled due to back and neck injuries suffered in a car accident, as well as a mental health condition (Tr. 137). He additionally alleged that his arthritis, depression, anxiety, migraines, insomnia, and high blood pressure rendered him unable to work (id.). The claim was denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff has severe impairments of "status post microendoscopic discectomy and laminectomy of the lumbar spine, herniated disc at C4-5, status post old abdominal aneurysm repair, [] inguinal hernia repair[,] and a more recent umbilical incision hernia repair in June 2008" (Tr. 14). The law judge determined that the plaintiff was under a disability from July 28, 2005, through November 28, 2006 (id.). The law judge also concluded that, as of

November 29, 2006, the plaintiff had experienced sufficient medical improvement to attain the residual functional capacity to perform a range of light work (Tr. 18). The law judge restricted the plaintiff, as of that date, to occasional climbing, balancing, stooping, kneeling, crouching, and crawling, and no climbing long vertical ladders, scaffolds, ropes or at unprotected heights (id.). Further, the law judge stated that the plaintiff needs to avoid work with "extremely vibrating machinery," and needs to avoid sudden twisting of the back at waist level (id.). Relying upon the testimony of a vocational expert, the law judge found that these restrictions did not prevent the plaintiff from returning to his past work as an audit clerk, administrative assistant, right of way specialist, or housing code inspector (Tr. 20). Accordingly, the law judge decided that the plaintiff was not disabled as of November 29, 2006 (id.). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

## II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which

-3-

... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3). The Act provides further that a claimant is not disabled if he is capable of performing his previous work. 42 U.S.C. 423(d)(2)(A).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff sustained back and neck injuries as a result of a vehicle accident on June 1, 2005. He was initially treated conservatively with physical therapy, but eventually opted to undergo a microendoscopic

discectomy and laminectomy on September 13, 2005. The law judge concluded that, as a result of his injuries, surgery, and subsequent need for rehabilitation, the plaintiff was disabled from July 28, 2005 (the plaintiff's claimed date of onset), to November 28, 2006 (Tr. 14). However, the law judge decided that the plaintiff was no longer disabled as of November 29, 2006 (Tr. 18).

The plaintiff challenges the law judge's determination that he could return to past work as of November 29, 2006, by arguing that the law judge failed to develop a full and fair administrative record with respect to his psychological impairments.

Significantly, the plaintiff makes no contention that the law judge erred in finding that the plaintiff's medical condition had improved (Tr. 17). Further, he does not assert any challenge to the law judge's findings regarding the plaintiff's physical condition. In light of the scheduling Order, any such arguments are waived. Thus, the scheduling Order requires the plaintiff to "identify with particularity the discrete grounds upon which the administrative decision is being challenged" and to support such challenges "by citations to the record of the pertinent facts and by citations of the

governing legal standards" (Doc. 14, p. 2). Those requirements were not satisfied with respect to any argument concerning medical improvement or physical impairments.

Moreover, while the plaintiff's challenge focuses upon his mental impairments, he limits his argument to the contention that the law judge failed to develop the record fully (Doc. 22, p. 6). On this issue, the plaintiff asserts that the law judge failed to order a consultative examination regarding the plaintiff's psychological difficulties (id., p. 7). The plaintiff also seems to argue that the law judge failed to obtain the current records from Dr. Sharad R. Lakdawala, the plaintiff's treating psychiatrist. In light of the scheduling Order, any challenges concerning the plaintiff's mental impairments are limited to these two contentions. Thus, for example, any arguments that the law judge erred in finding that the plaintiff's mental impairments were nonsevere (Tr. 16), or erred in finding that Dr. Lakdawala's opinion that the plaintiff was mentally disabled should be rejected as "grossly exaggerated" (Tr. 15), are waived.

The plaintiff argues first that the law judge erred by failing to obtain a consultative examiner to evaluate his psychological difficulties. This

assertion is plainly baseless.   Dr. Gerald Mussenden, a consulting psychologist, evaluated the plaintiff's mental status on April 25, 2006 (Tr. 294). Dr. Mussenden opined that the plaintiff's medications were adequately controlling his depression and anxiety, and, therefore, he experienced few limitations with respect to his mental ability to function in the workplace (Tr. 296). The law judge considered this opinion and cited it in support of his finding that the plaintiff's mental impairments were not severe (Tr. 15).

The plaintiff does not acknowledge anywhere in his memorandum that a consultative examination by Dr. Mussenden was conducted. The regulations provide that a "consultative examination may be purchased when the evidence as a whole, both medical and nonmedical, is not sufficient to support a decision on [the plaintiff's] claim." 20 C.F.R. 404.1519a(b). In this case, the Social Security Administration appropriately exercised its discretion to purchase a psychological evaluation for the plaintiff.

Consequently, the issue is not whether a psychological examination should have been obtained for the plaintiff – that was done, but whether it is reversible error because the law judge did not obtain a second

psychological examination of the plaintiff.   The plaintiff has made no argument attempting to show why a second psychological examination is warranted.   This failure is sufficient to defeat any claim that a second evaluation was needed.

In any event, the evidence shows that an additional examination is not required.   The plaintiff testified that he had experienced his mental difficulties even before he stopped working in July 2005 (Tr. 690). He stated that nothing has changed since then except that he is getting hallucinations (id.).   However, the notes from Dr. Lakdawala that the plaintiff has filed (Doc. 24) not only fail to show that the plaintiff is suffering from hallucinations, but affirmatively deny hallucinations from July 29, 2008, through August 12, 2010 (Doc. 24-1, pp. 7-15).   These medical records plainly refute the plaintiff's testimony at the October 20, 2008, hearing that he is experiencing hallucinations.   Thus, there is no change in the plaintiff's mental status since before the time of Dr. Mussenden's examination. Consequently, there is no justification for a second examination.   See Good v. Astrue, 240 Fed. Appx. 399, 404 (11th Cir. 2007)(unpub. dec.).

As a second aspect of his challenge, the plaintiff appears to argue that the law judge erroneously failed to include in the record more recent

treatment notes from Dr. Lakdawala, his treating psychiatrist, although such a contention is not clearly stated and not well-developed (see Doc. 22, p. 9). The record contains Dr. Lakdawala's progress notes for the plaintiff's office visits beginning February 20, 2003, and ending January 10, 2006 (Tr. 304-16). The plaintiff now submits new treatment notes from Dr. Lakdawala that detail office visits between April 2006 and August 2010 (Doc. 24-1). Most of these records were in existence at the time the law judge rendered his decision. and the plaintiff concedes that he or his attorney should have submitted them at the administrative level (Doc. 22, p. 9).[2] At the same time, the plaintiff contends that the law judge should have solicited them for inclusion in the administrative record, and committed reversible error when he did not do so. This argument misstates the law judge's role in developing the record and, therefore, lacks merit.

The law judge has a basic duty to develop a full and fair record. Ellison v. Barnhart. 355 F.3d 1272, 1276 (11th Cir. 2003). However, the burden of proving disability rests primarily with the plaintiff. See Doughty v. Apfel. 245 F.3d 1274, 1278 (11th Cir. 2001); 20 C.F.R. 404.1572(c)("You

---

[2] The treatment notes documented by Dr. Lakdawala for office visits after September 9, 2009. the date of the Appeals Council's decision. are irrelevant to the current analysis because they could not have been included in the administrative record at that time.

must provide medical evidence showing that you have an impairment(s) and how severe it is during the time you say you are disabled.").

Nevertheless, the regulations provide that the Social Security Administration "will develop [the claimant's] complete medical history for at least the 12 months preceding [the] application unless there is a reason to believe that development of an earlier period is necessary or unless [the claimant] say[s] that [his] disability began less than 12 months before [he] filed [his] application." 20 C.F.R. 404.1512(d). In other words, the Commissioner only has a duty to obtain records from before the date of the application. Accordingly, the Eleventh Circuit has held that the law judge is "in no way bound to develop the medical record" for the subsequent period. Ellison v. Barnhart, supra, 355 F.3d at 1276.

The application in this case was filed on January 31, 2006. The record contains the treatment notes of Dr. Lakdawala from February 20, 2003, to January 10, 2006 (Tr. 304-15). There are no notes from the period of January 10, 2006, until January 31, 2006, the date of the application (see Doc. 24-1, p. 1). The Commissioner thus has obtained the medical records for far more than the twelve-month period before the filing of the application. The law judge, accordingly, did not fail in his duty to develop the record.

What the plaintiff complains are missing are notes from the period after the filing of the application. As indicated, however, the law judge "was in no way bound to develop the medical record" for that period. Ellison v. Barnhart, supra, 355 F.3d at 1276. The obligation to obtain those records fell on the plaintiff's attorney (who is not the attorney who presently represents the plaintiff). The failure to submit those records seemingly could be due to the neglect of the attorney. However, there are circumstances which indicate that the attorney intentionally did not submit the records.

In an October 1, 2008, pre-hearing order, the law judge emphasized that counsel should examine the exhibit file "as soon as possible to determine your need to submit additional evidence" (Tr. 161)(emphasis in original). He further advised that "[f]ailure to submit new medical evidence may be taken as an acknowledgement by the claimant and representative that no additional documents are available or relevant to the disposition of the case" (id.)(emphasis in original). Despite this clear warning, the plaintiff's attorney did not adduce, or even mention, any additional treatment notes from Dr. Lakdawala either in connection with his pre-hearing brief or at the administrative hearing (Tr. 145-54, 658-96).

However, the plaintiff's attorney did submit a treating source statement of mental capacity completed by Dr. Lakdawala on September 12, 2008 (Tr. 655-57). At that time, Dr. Lakdawala indicated that the plaintiff suffered from a myriad of symptoms related to bipolar syndrome and, consequently, experienced extreme limitations in conducting activities of daily living, maintaining social functioning, and maintaining concentration, persistence, or pace (Tr. 657). Dr. Lakdawala additionally noted that the plaintiff suffered from four or more repeated episodes of deterioration, each of extended duration (id.).

The law judge discounted Dr. Lakdawala's treating source statement as "grossly exaggerated and inconsistent with his own clinical findings in progress notes" (Tr. 15), a finding that the plaintiff has not challenged. The more recent treatment notes, which were submitted to this court by the plaintiff's current attorney, provide further, and even stronger, support for the conclusion that Dr. Lakdawala's opinion was "grossly exaggerated," since they are closer in time to the treating source statement.

Thus, the notes reflect that on June 27, 2006, the plaintiff reported that he was working part-time (Doc. 24-1, p. 2). For the year following that visit, Dr. Lakdawala observed that the plaintiff, despite his

-13-

ongoing depression and anxiety, was doing well on his medications, was compliant with those medications and experienced no side effects (id., pp. 2-4). On June 4, 2007, the plaintiff appeared for an emergency appointment with Dr. Lakdawala, complaining of increased anxiety and depression, an inability to stay focused or sleep, and increased racing thoughts (id., p. 4). In response, Dr. Lakdawala altered his medications both on that date and upon a subsequent visit on July 3, 2007 (id., pp. 4, 5). For the next two years, until July 30, 2009 (the last visit before the Appeals Council issued its determination). Dr. Lakdawala consistently noted that the plaintiff was doing well and his medications were keeping his depression and anxiety well-controlled (id., pp. 5-11).

Notably, Dr. Lakdawala did not render any opinion in these notes regarding the plaintiff's ability to work. More important, there is nothing in these treatment notes which would suggest the type of extreme functional limitations Dr. Lakdawala indicated in his treating source statement. In fact, in July 2008, two months prior to his issuance of the statement, Dr. Lakdawala conducted a psychiatric evaluation and noted that, although the plaintiff was anxious and depressed, he was cooperative; his speech was clear, coherent, and relevant; he was oriented; his memory was intact; his

insight and judgment were fair; and he was free of delusions, hallucinations, suicidal tendencies, or psychosis (id., p. 7). Moreover, on October 27, 2008, a little more than a month after Dr. Lakdawala opined that the plaintiff had extreme mental functional limitations, Dr. Lakdawala's progress note stated, "Doing well" and "Moods well controlled' (id., p. 8).

These circumstances give rise to a substantial inference that the plaintiff's prior attorney did not submit Dr. Lakdawala's more recent treatment notes, not because of an oversight, but because they undercut the opinions in Dr. Lakdawala's treating source statement. Of course, it really does not matter whether the failure to submit the additional records was due to oversight or intentional withholding. In all events, the duty to submit the records resided with the plaintiff and his attorney. Therefore, the absence of the records cannot be blamed on the law judge.

In addition, even if, contrary to established law, the law judge had some obligation to obtain the missing records, his failure to do so would not constitute reversible error. Thus, even where there is a duty, a remand is not warranted unless the plaintiff can demonstrate evidentiary gaps in the record which result in "unfairness or clear prejudice." Graham v. Apfel, 129 F.3d 1420, 1423 (11th Cir. 1997); Edwards v. Sullivan, 937 F.2d 580, 586

(11th Cir. 1991). Dr. Lakdawala's treatment notes from April 2006 to July 2009 do not contain any new opinions or observations regarding the plaintiff's mental ability to work. On the contrary, they are fully consistent with the earlier treatment notes that were included in the administrative record. Therefore, because the new treatment notes do not even arguably support the plaintiff's contention that he is entitled to benefits on or after November 29, 2006, he has suffered no prejudice from their omission from the administrative record.

Finally, it is appropriate to note that, probably out of an abundance of caution, the Commissioner argues that the plaintiff has not satisfied the requirements for a remand for the consideration of new evidence. Sentence six of 42 U.S.C. 405(g) authorizes a federal court to remand a case upon "a showing that there is new evidence which is material and that there is good cause for failure to incorporate such evidence into the record in a prior proceeding." Milano v. Bowen, 809 F.2d 763, 766 (11th Cir. 1987); Smith v. Bowen, 792 F.2d 1547, 1550 (11th Cir. 1986); Cherry v. Heckler, 760 F.2d 1186, 1192 (11th Cir. 1985). The Commissioner does not refer to the sixth sentence of §405(g), but he does cite to cases setting forth the criteria for a remand for the consideration of new evidence (Doc. 25, p. 12). See also

Ingram v. Commissioner of Social Security, 496 F.3d 1253, 1267-69 (11th Cir. 2007)(clarifying approach to sentence-six remands). The plaintiff, however, neither refers to sentence six or any cases setting forth the criteria for a sentence-six remand, nor makes any attempt to show that he meets the criteria for such a remand. Consequently, any claim for a sentence-six remand is waived.

In all events, the additional treatment notes do not meet the criteria for a sentence-six remand, which may be why the plaintiff made no request for such relief.

In the first place, good cause for failing to submit the treatment notes during the pendency of the administrative proceedings (Doc. 24-1, pp. 1-11) could only be shown as to treatment notes post-dating the Appeals Council's September 9, 2009, decision, given the fact that they did not exist at that time. Cannon v. Bowen, 858 F.2d 1541, 1546 (11th Cir. 1988). There is no good cause apparent for the failure to submit earlier notes during the administrative proceeding.

With respect to the four treatment notes for which good cause might be shown (Doc. 24-1, pp. 12-15), they have not been demonstrated to be material. Evidence is material if there is a reasonable possibility that it

-17-

will change the administrative result. Falge v. Apfel, 150 F.3d 1320, 1323 (11th Cir. 1998).

To begin with, the notes do not purport to relate back to the period before the law judge's decision, as they must. Leiter v. Commissioner of Social Security Administration, 377 Fed. Appx. 944, 950 (11th Cir. 2010) (unpub. dec.); Vlamakis v. Commissioner of Social Security, 172 Fed. Appx. 274, 277 (11th Cir. 2006)(unpub. dec.). Second, there is no reasonable possibility that, if the treatment notes were considered on remand, the administrative result would be different. The four treatment notes, covering office visits for the period of October 2009 to August 2010, indicate that, although the plaintiff continued to experience symptoms of depression, he was cooperative; his speech was clear, coherent, and relevant; his memory and orientation were intact; his impulse control was fair; his insight and judgment were intact; and he was free of any hallucinations, thought disorder, or potential for suicide, homicide, or violence (Doc. 24-1, pp. 12-15). Further, upon each of these visits, Dr. Lakdawala noted that there was no change in the plaintiff's medical condition, and, accordingly, he continued the plaintiff on the same medication regimen (id.).

Consequently, if the plaintiff had made an argument for a sentence-six remand – which he did not – the argument would fail.

It is, therefore, upon consideration

ORDERED:

That the Commissioner's decision is hereby AFFIRMED. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this <u>18th</u> day of January, 2011.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

-19-